IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-23-237-SLP |
| | ) | |
| JEFF WENG and | ) | |
| TONG LIN, | ) | |
| | ) | |
| Defendants. | ) | |

# DEFENDANT TONG LIN'S RESPONSE TO MOTION *IN LIMINE* REGARDING JURY NULLIFICATION AND TO PRECLUDE DEFENDANT'S ASSERTION OF A STATE LAW OR MISTAKE-OF-LAW DEFENSE

Tong Lin, by and through his attorneys, Bennett & Gallon, PLLC, respectfully responds to the United States' Motion for an Order Prohibiting the Defendants, Jeff Weng and Tong Lin, from raising a defense related to compliance with State law, arguing mistake-of-law, or inviting jury nullification.

## I. Background

Mr. Lin worked at the marijuana grow in Wetumka, Oklahoma for approximately five months. Before that, he had never worked in the marijuana industry; he had worked in a restaurant. He is an immigrant, whose primary language is Mandarin. Mr. Lin came to Oklahoma to work under his cousin, Defendant Jeff Weng. Mr. Lin is neither an owner nor a manager of the marijuana grow in question.

On February 17, 2023, when agents of the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control conducted an inspection of the Wetumka grow, Mr. Lin advised the agents that only Mr. Jeff Weng was in charge; that Mr. Lin's role was essentially that of an intern to the manager. Later that day, Agent David Gonzales, who had been at the inspection, received a call from Jian Ming Weng, the owner of the marijuana grow, who confirmed that Mr. Jeff Weng is the manager, as well as the person responsible for all the paperwork associated with the business. Agent Gonzales' recollection of the conversation included no mention of Mr. Lin.

## II. Compliance with State Law

That Mr. Lin works in an industry which is legal within the State of Oklahoma is materially relevant to the issue at hand as it relates to the probability that Mr. Lin lacked the requisite *mens rea* for the charge asserted. *See* Fed. R. Evid. 401. Excluding this information would be unduly prejudicial to Mr. Lin. It would imply that to work at any marijuana grow -

1

even in a state where it has been legalized - is to automatically be involved in the so-called "black market," regardless of actual knowledge or intent. Merely working at the grow and being present at the time of the inspection referenced above is not enough to show that Mr. Lin was part of a conspiracy to sell marijuana on the black market. To exclude evidence of the legality of the operation within the state would deprive the jury of relevant information regarding the *mens rea* required under such charges.

The offense with which Mr. Lin stands accused - 21 U.S.C. § 846 - is one of conspiracy, and does not specify a *mens rea*. *See* 21 U.S.C. § 846. As such, the presumed *mens rea* of "only that *mens rea* which is necessary to separate wrongful conduct from 'otherwise innocent conduct'" set forth in *Elonis v. United States*, 575 U.S. ___ (2015) must be presumed, as Congress did not intentionally specify that no *mens rea* was required under this section. *See Elonis v. United States*, 575 U.S. ___ (2015).

Mr. Lin is a relatively new employee of a company which operates legally within the state[1]. To refuse to allow evidence that the grow at which he worked was operating legally under state law is to deny the jury the chance to weigh whether Mr. Lin had the necessary *mens rea* to have committed the crime with which he is being charged and to imply to the jury that any employee of any state-licensed marijuana grow may be charged with such a conspiracy.

### A. Mistake-of-Law is a relevant defense for Mr. Lin if the *mens rea* of the offense of which the conspiracy refers is to be the standard.

The required *mens rea* for the offense around which the conspiracy charge is based is one of knowledge or intent. *See* 21 U.S.C. § 841(a)(1). Mr. Lin would have had to have knowledge that his actions were in violation of federal law or would have required the intent to act in furtherance of a federal crime. Whether or not Mr. Lin had such knowledge or intent is a question for the jury to decide.

Mr. Lin is not a fluent English speaker; he is a Chinese immigrant who primarily speaks Mandarin. The complex incongruity between federal and state law with regards to the operation of a marijuana grow is one with which many English-speaking Americans struggle. Mr. Lin relied on the fact that the business at which he was employed was state-licensed, expecting that such a license would surely mean the operation was a legal one. To suppress evidence that Mr. Lin was working at a state-licensed grow and was mistaken as to its legality under federal law as a result would be to deny the jury access to relevant information which speaks directly to the *mens rea* element of the crime with which he has been charged.

## III. Conclusion

Mr. Lin does not own the marijuana grow in Wetumka, nor does he hold power or actual authority over the operation of the grow and with whom it does business. He was employed by the grow for a handful of months and worked under the direction of his older cousin. He had no

---

[1] Whether or not the grow is compliant under state law is irrelevant to the question at issue and is itself an issue for the state to take up, should it choose to do so. The prosecution's focus on whether or not the grow is state-compliant is more likely to confuse the issue for the jury than simple evidence that the grow was licensed under state law.

experience working in the industry prior to coming to Oklahoma. He does not speak fluent English.

All of these factors demonstrate the reasonability for Mr. Lin to have relied on the fact that the state of Oklahoma had licensed the Wetumka grow. That the grow is legal under State law is materially relevant to the circumstances surrounding his involvement in the operations around which the charge against him is based and the *mens rea* required. To deprive the jury of access to the context of Mr. Lin's employment - and his perception of said employment - is to deny the jury the opportunity to decide if Mr. Lin's actions were a knowledgeable, intentional violation of federal law, or were the actions of a man innocently doing the job for which he was employed, unaware of the discrepancy between state and federal law due to - among other things - an intrinsic language barrier.

Mr. Lin implores the Court to allow this evidence to be presented, that the jury may decide with all relevant facts before them.

Bennett & Gallon

By: /s/ J. Ken Gallon
J. Ken Gallon, OBA #18708
Jeremy Bennett, OBA #34130
Bennett & Gallon, PLLC
105 1st Ave NE
Miami, Oklahoma 74354
918-540-1818
kgallon@bennettgallon.com
jbennett@bennettgallon.com
Attorneys for Defendant

**DATED:** November 29, 2023