# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|              Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-23-237-SLP |
| | ) | |
| JEFF WENG and | ) | |
| TONG LIN, | ) | |
| | ) | |
|              Defendants. | ) | |

## DEFENDANT TONG LIN'S RESPONSE
## TO UNITED STATES' NOTICE OF INTENT TO USE RULE 404(B) EVIDENCE

The Court should not admit at trial evidence relating to other crimes or wrongful acts purportedly committed by Defendant Tong Lin. The prosecution argues that the evidence would be used for a legitimate purpose related to the present case. However, the traffic stop does not speak to the issues of intent, plan, or knowledge of the conspiracy charged as the prosecution suggests. Rather, the traffic stop is its own issue - namely, traffic violations - and therefore should not be admitted as evidence.

**Evidence of the traffic stop is unfairly prejudicial.**

While "[v]irtually all evidence is prejudicial to one side or the other"[1], the issue here is whether evidence of the traffic stop is *unfairly* prejudicial. According to the advisory committee, "unfair prejudice" under Federal Rule of Evidence 403 is that which has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.[2] If the traffic stop is admitted, the jury may take it as evidence not of an ongoing conspiracy, but of Lin's character and propensity to act criminally, which is not a legitimate use of such evidence under Rule 404.

**The traffic stop is not an unequivocal instance of *res gestae*.**

The prosecution argues that the traffic stop is an example of *res gestae*; that there was clear evidence of recent marijuana transport which relates to the charge in this case. However, the seeds purportedly found in the vacuum within the vehicle have not been definitely identified as marijuana seeds. Even if they come back as such, that does not show that Lin was

---

[1] *United States v. Archuleta*, 737 F.3d 1287, 1293 (10th Cir. 2013).
[2] Fed. R. Evid. 403.

1

transporting marijuana plants at the time of the stop, nor that he knew whether the vehicle had been used for such a purpose in the past. Mr. Lin was not arrested during the course of the traffic stop.

Even if the vehicle smelled of marijuana, that does not demonstrate an intent or plan on the part of Lin in regards to the conspiracy charged here. Neither the smell of marijuana nor the presence of air fresheners in the vehicle are relevant for the purposes the prosecution claims. Admission of this evidence provides no substantive evidence of either knowledge of or intent to participate in a criminal conspiracy. It would, however, allow the jury to conclude that Lin is guilty of participating in a drug conspiracy by virtue of having driven a vehicle which smelled of marijuana.

***Mares* substantially differs from the current situation.**

The prosecution relies on *United States v. Mares*[3] to demonstrate admissibility of the traffic stop. However, that was a case wherein the defendant claimed she had no knowledge of the drugs hidden in the car, only for a subsequent traffic stop to find drugs hidden in the exact same spot at a later time. In that case, it was clear from the subsequent traffic stop that the defendant did - in fact - have knowledge of where the drugs were hidden.

By contrast, in this case, the traffic stop offers no definitive evidence of Lin's knowledge or intent regarding the conspiracy charge. The only unquestionable concerns which can be ascribed to Lin are the issues of the traffic and parole violations, neither of which offers probative evidence of Lin's knowledge, intent, or participation in the drug conspiracy. The only evidence related to drugs is the smell of the car and the seeds found in the vacuum in the car, neither of which are definitive evidence relevant to this case.

**Confusing the Issues**

Additionally, the admission of this traffic stop as evidence runs the risk of confusing the issues for the jury as to whether Lin is also on trial for traffic or parole violations, in addition to conspiracy. There were no plants discovered in the vehicle. That Lin was carrying $800 in cash is not itself evidence of any criminal activity. There are no charges associated with this traffic stop which are relevant to this case, aside perhaps from the issue of which county Lin was in at the time of the stop, in the context of his parole.

Thus, admission of the traffic stop would introduce the issue of the missed traffic sign, the missing vehicle registration, and the parole violation, but not any definitive evidence to

---

[3] 441 F.3d 1152, 1156 (10th Cir. 2006).

support the prosecution's claim that the traffic stop demonstrates knowledge or intent regarding the conspiracy charge. The jury may instead take into consideration the traffic violations as evidence of a tendency of Lin to act unlawfully, an improper basis of their decision as to the conspiracy charge.

### The Limits of Limiting Instructions

The prosecution purports that limiting jury instructions would be sufficient to cure any undue prejudice. However, this may not be sufficient. A law review article - *The Law and Psychology of Jury Instructions*[4] - from 1990 which analyzed the effectiveness of jury instructions found that "[e]mpirical research clearly demonstrates that they [limiting instructions] are not effective in preventing the jury from improperly using information".[5] The article looked at numerous studies and cases going back to the 1950's.

The article held that uncharged criminal acts admitted under Rule 404(b) are the prime example of the ineffectiveness of limiting instructions as a cure: "[n]umerous studies with simulated juries show that proof of a defendant's involvement in similar crimes significantly increases guilty verdicts,[6] and that jurors cannot or will not limit their use of that information."[7]

In this case, even instructions which direct the jury to consider only the smell of marijuana in the vehicle or the seeds in the vacuum would be insufficient. In part, because the jury would have to have the circumstances around the stop, which could cause the jury to subconsciously equate the traffic violations with the charge at issue. In part, because any evidence of intent or knowledge on Lin's part in regards to the conspiracy charge is circumstantial rather than substantial. As such, the prejudice accrued significantly outweighs the probative value of the traffic stop in this case.

### Conclusion

The evidence that the prosecution seeks to admit under Rule 404(b) does not conclusively demonstrate the knowledge of, intent to further, or willing participation in the conspiracy with which Mr. Lin has been charged. Its probative value is far surpassed by the

---

[4] Tanford, J. Alexander, "The Law and Psychology of Jury Instructions" (1990). *Articles by Maurer Faculty.* 706. https://www.repository.law.indiana.edu/facpub/706

[5] *Id* at 97.

[6] Referencing: Doob & Kirchenbaum, supra note 93; Hans & Doob, Section 12 of the Canada Evidence Act and the Deliberation of Simulated Juries, 18 CRIM. L.Q. 235, 242-49 (1975). Cf. Borgida & Park, supra note 101, at 242-43; Wissler & Saks, On the Inefficacy of Limiting Instructions, 9 Law & HUM. BEHAV. *Supra* note 102, at 41-42 (1985).

[7] Tanford, J. Alexander, "The Law and Psychology of Jury Instructions" (1990). *Articles by Maurer Faculty.* 706. https://www.repository.law.indiana.edu/facpub/706

undue prejudice of the evidence, and the likelihood of influencing the jury to make their decisions on the wrong basis. This evidence should, therefore, be inadmissible in this case.

                                                      Bennett & Gallon PLLC

By:   /s/ J. Ken Gallon
       J. Ken Gallon, OBA #18708
       Jeremy Bennett, OBA #34130
       Bennett & Gallon, PLLC
       16 East Central Avenue
       Miami, Oklahoma 74354
       918-540-1818
       kgallon@bennettgallon.com
       jbennett@bennettgallon.com
       Attorneys for Defendant

**DATED**: Jan 12, 2024