IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CR-23-237-SLP |
| | ) | |
| TONG LIN, | ) | |
| Defendant. | ) | |

**DEFENDANT UNOPPOSED
MOTION FOR EXTENSION OF TIME TO FILE
SENTENCING DOCUMENTS**

Pursuant to L.Cr.R. 12.1(f) and 32.2, the Defendant, Tong Lin, requests an extension of time from June 3 to June 7, 2024, to file his Sentencing Documents (motion for variance, sentencing memo, response the to the Government's sentencing memo, letters, etc.)  This motion is unopposed.  In support, the Court is shown:

1.    The Speedy Trial Act is not an issue because the Defendant had a jury trial and is awaiting sentencing June 17.

2.    Defendant's sentencing documents are due today, June 3, 2024, because June 1 fell on a Saturday.

3.    This Court granted an extension previously when it allowed the Defendant to file sentencing documents out of time after new counsel entered the case for Mr. Lin. (Docs. 116 and 117).

4.     In preparing the sentencing documents, counsel learned that he did not have the entire discovery file. Prior defense counsel's staff must have mistakenly omitted some of the files, or the upload failed when transferring the files from prior counsel to current counsel. Current counsel was missing around 800 pages of the discovery.

5.     This oversight was solely on the side of the defense, as all discovery was previously provided by DOJ to the Defendant prior to trial.

6.     Counsel has attempted to resolve the discovery issue with the prosecution since May 31. The balance of the discovery was provided on Friday, but because of technical issues, defense counsel was locked out of USAfx (the DOJ File Exchange) until today.

7.     The problem was resolved this morning, and all discovery has been provided. It has been sorted and is undergoing review now.

8.     Counsel requests the extension until June 7 so that he may review the discovery, discuss the discovery with the client if necessary, confirm some personal history before filing the Sentencing Memorandum, and incorporate this information in the sentencing documents. The discovery review is particularly important because the Government has filed a Sentencing Memorandum (Doc. 114) requesting an upward variance and cited to the discovery and other documents.

9.     A Mandarin interpreter is required to meet with the Defendant. The defense has engaged an interpreter, who has assisted since new counsel entered. However, she has a full-time job as well, so scheduling must be carefully coordinated.

10.    The Government has no objection to this motion.

11.    There should be no impact on any scheduled trial or deadlines.

12.    Sentencing is scheduled for June 17, 2024.

13.    A hardship will be worked on Defendant if counsel is not permitted to file the sentencing documents.

14.    This extension of time is necessary to provide effective assistance of counsel as will be shown below.

15.    "[S]entencing is a critical stage of the criminal proceeding at which he is entitled to the effective assistance of counsel." *Gardner v. Florida*, 430 U.S. 349, 358 (1977); *United States v. Youngpeter*, 145 F.3d 1347 (10th Cir. 1998). In fact, the Sixth Amendment right to effective counsel at sentencing was the key factor litigated in *Strickland v. Washington*, 466 U.S. 668, 669, 104 S. Ct. 2052, 2055, 80 L. Ed. 2d 674 (1984).

16.    "The right of persons charged with crime to be represented by counsel and the duty of the court to afford their counsel fair opportunity

to prepare for trial is, of course, too well settled." *Spevak v. United States*, 158 F.2d 594, 596 (4th Cir. 1946).

17. If this motion is denied, the defendant may be deprived of constitutionally effective counsel.

18. This motion is made in good faith and not for dilatory purposes. Counsel is exercising due diligence and seeks to represent the Defendant appropriately.

**PRAYER**

WHEREFORE, Defendant Tong Lin, through counsel, requests an extension from June 3 to June 7, 2024, by which to file his sentencing documents.

Respectfully submitted,

_ *s/ Robert L. Wyatt, IV*
Robert L. Wyatt, IV, OBA No. 13154
WYATT LAW OFFICE
501 N. Walker Avenue, Suite 110
Oklahoma City, OK 73101
(405) 234-5500 Telephone
E-mail: bobwyatt@wyattlaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on June 3, 2024, a true and correct copy of the foregoing Motion was sent via this court's electronic court filing system to:

   Wil McGarry, AUSA,

and all other CF/ECM registered parties.


                    *s/ Robert L. Wyatt, IV*